IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST David E. NELSON, Attorney at Law.

Supreme Court

*No. 82–1299–D. Filed April 26, 1983.*
(Also reported in 332 N.W.2d 811.)

PER CURIAM. *Attorney disciplinary proceeding; attorney's license suspended.*

On July 9, 1982, the Board of Attorney Professional Responsibility (Board) filed a complaint alleging that David E. Nelson, an attorney who was licensed to practice law in Wisconsin in 1969 and who practices in Richland Center, was guilty of unprofessional conduct in his multiple representation of seller and buyer in the negotiations for and sale of real estate and in his response to the Board's inquiries into the matter. The respondent filed an answer to the complaint on July 21, 1982, in which he denied any wrongdoing. We referred the matter

to the Honorable William C. Sachtjen, Reserve Judge, as referee, pursuant to SCR 21.09 (4).

The respondent and counsel for the Board entered into a stipulation on January 21, 1983, in which the respondent admitted that he held a financial interest in, was retained as corporate counsel of and handled through his clients' trust account many financial affairs of a corporation involved in condominium development. The respondent admitted that he shared responsibility for sale negotiations on behalf of the corporation and that he assisted in the preparation of disclosure documents, management or employment contracts, offer-to-purchase form, declaration of covenants and restrictions and articles of association for the condominium development. He also admitted that he had requested another attorney to review some of the condominium documents and was advised by that attorney that the documents were deficient in several respects and did not comply with applicable law. The respondent stated that he reviewed the attorney's comments with the corporation's board of directors and advised the board that he would amend the documents, but at no time did he file or record any such amendments.

In early 1979 the corporation was experiencing financial difficulties, of which the respondent was aware. At that time a couple asked the respondent to assist them in the purchase of one of the completed condominium units, and the respondent agreed to do so. The respondent arranged a caretaker contract for his clients and advised them with respect to the financing of the purchase and closing and with respect to various sale documents. The respondent rendered title opinions on the property both to the clients and to their lender, in one of which he indicated that the condominium documents complied with Wisconsin law. The abstracts upon which the title opinions were based had been prepared by an abstract

service which was a division of the corporation in which the respondent had an interest and which was located at the same address as the respondent's and the corporation's office. At no time during this transaction did the respondent disclose to his clients the poor financial condition of the corporation or the contents of the attorney's letter indicating that the condominium documents were deficient. It was stipulated that the respondent's multiple representation of the corporation and the clients in connection with negotiations for and sale of the property constituted a clear conflict of interest, in violation of SCR 20.24 and 20.28, that his assertion in his opinion on title that the condominium documents met applicable state law constituted misrepresentation, in violation of SCR 20.04(4), and that his failure to advise the purchasers of the corporation's financial problems constituted misrepresentation, also in violation of SCR 20.04(4).

Prior to the real estate transaction, the respondent had entered into a stipulation with a company which had filed a notice of intent to file a lien claim against the corporation, by the terms of which it was agreed that the claimant was to receive a specified sum or a percentage of the gross profit from the sale of the condominium unit which was subsequently sold to the respondent's clients. The closing statement in the transaction, which was distributed by the respondent to the purchasers, the lender and the lien claimant's attorney, showed a disbursement of a real estate commission which never was paid, overstated by $800 the amount paid to another creditor of the corporation and failed to show a disbursement of approximately $700 which was paid to the respondent. At the time of the closing, at the insistence of the lien claimant's attorney, the respondent signed a document entitled "Affidavit" reciting, in part, that no other shareholder of the corporation would receive any consideration in connection with the sale except as a fee

in connection with the closing and, further, that the closing statement was an accurate reflection of all financial aspects of the transaction. Subsequently, the respondent disbursed to one of the corporation's shareholders, who was a vendor under a land contract sale to the corporation, approximately $2,200 from the sale proceeds. It was stipulated by the respondent and Board counsel that when he signed the "Affidavit," the respondent knew or should have known that the closing statement was not accurate and that his conduct in distributing the statement and signing the affidavit under the circumstances constituted misrepresentation, in violation of SCR 20.04(4). When the respondent was advised of the grievance which had been filed with the Board in connection with this transaction, the respondent filed a written response in which he asserted that at the time of the purchase he was not aware of any financial problems of the corporation. It was stipulated by the parties that such response was false and constituted misrepresentation, in violation of SCR 22.07(2).

The referee filed his report with the court on January 27, 1983, in which he made findings of fact and conclusions of law consistent with the terms of the stipulation. The referee recommended that the respondent's license to practice law in Wisconsin be suspended for a period of 60 days and that he be required to pay $2,500 toward the costs and fees incurred in the disciplinary action, failing which, his license be revoked forthwith. By order of February 8, 1983, the court requested that the parties file briefs within 30 days on the question of the appropriateness of the recommended discipline to the professional misconduct.

In their briefs both the respondent and the Board argue that, under the circumstances of this case, a 60-day suspension of the respondent's license to practice law is sufficient discipline. They each note that the respond-

ent was cooperative in making his records available to the Board, that no trust account errors were found, that there was no conversion of client property, that there have been no prior disciplinary actions against the respondent and that, when the stipulation was entered into, both the Board and the respondent were aware of the fact that a witness needed to establish the fact of an attorney-client relationship in the underlying real estate transaction had moved out of the country and was not available to testify.

We are satisfied that, under the circumstances before us, a 60-day suspension of the respondent's license to practice law in Wisconsin is appropriate, and we therefore adopt the findings, conclusions and recommendation of the referee, with the exception that the respondent should be held liable for payment of the total costs of the disciplinary proceeding.

IT IS ORDERED that the license of David E. Nelson to practice law in Wisconsin is suspended for a period of 60 days, commencing June 1, 1983.

IT IS FURTHER ORDERED that, within 60 days of the date hereof, David E. Nelson pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, in the amount of $3,170.75, provided that if the costs are not paid within the time specified, the license of David E. Nelson to practice law in Wisconsin shall be revoked forthwith.